UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:11-CV-00088-TBR

DENNY ADAMS                                                                                           PLAINTIFF

v.

FULTON COUNTY FISCAL COURT, *ET AL.*                                              DEFENDANTS

MEMORANDUM OPINION

This matter is before the Court on the Defendants' Motion for Summary Judgment. Defs.' Mot. Summ. J., Docket Number ("DN") 22. The Plaintiff has not responded. Sufficient time to respond has now passed, and the Court will address the Defendants' motion without the benefit of a response by the Plaintiff. Having considered the matter and being sufficiently advised, the Defendants are granted summary judgment on those claims arising under federal law, and the Plaintiff's state law claims are dismissed without prejudice.

I.

Plaintiff Denny Adams ("Adams") brings this action against the Fulton County Fiscal Court, the Fulton County Sheriff's Office, and Danny Zickefoose ("Fiscal Court," "Sheriff's Office," and "Zickefoose," individually, or "Defendants," collectively). He alleges that Kentucky law and his federal due process rights were violated when the Sheriff's Office and Zickefoose wrongfully discharged him from his position as an auxiliary deputy sheriff. Subsequent to his discharge the Fiscal Court voted to discontinue its relationship with Adams Brothers Body Shop and Wrecker Service, a business Adams allegedly owns. Adams believes that the Fiscal Court's decision was motivated by his discharge from the Sheriff's Office and constitutes a violation of his due process rights.

Adams began assisting the Sheriff's Office as an auxiliary deputy sheriff in January or

1

February of 2010.  This was a volunteer position, and Adams never had an employment contract with the Sheriff's Office and never received a salary for his efforts.  He never took an oath of office nor was he issued a firearm.  He was, however, given a badge and other forms of identification that associated him with the authority of the Sheriff's Office.  As an auxiliary deputy sheriff, Adams's duties primarily involved highway patrol and the transportation of prisoners.  The only form of payment Adams received from the Sheriff's Office was reimbursement for meals he purchased while transporting prisoners.  In all, Adams served as an auxiliary deputy on a purely volunteer basis and for his own personal enjoyment.  *See* Depo. Denny Adams, DN 26, pp. 29:3-35-12.

Sometime after Adams began volunteering Sheriff Bobby Hopper was diagnosed with cancer and discontinued his day-to-day activities with the Sheriff's Office while undergoing treatment.  Aff. Bobby Hopper, DN 22-6.  In his absence, Sheriff Hopper delegated all of his authority to Chief Deputy Zickefoose.  *Id.*  On June 21, 2010, Zickefoose summoned Adams to his office for the purpose of discussing a number of oral and written complaints filed against Adams.  During this meeting, Zickefoose suspended Adams from his position.  Adams contends that this suspension constitutes a wrongful discharge in violation of Kentucky law and his federal right to due process.

During all of the foregoing events, Adams also owned and operated Adams Wrecker Service.[1]  The Sheriff's Office included Adams Wrecker Service in a rotation of local businesses

---

[1] The record regarding Adams's ownership interest in "Adams Brothers Body Shop and Wrecker Service" is unclear.  At his deposition, Adams testified that this business is two separate companies known as Adams Brothers Body Shop and Adams Wrecker Service.  Depo. Denny Adams, DN 29, pp. 25:21-26:18.  According to Adams, his wife owns Adams Brother Body Shop, while he owns Adams Wrecker Service.  *Id.* at pp. 26:12-18.  Neither of these business is incorporated.  Later in the deposition the issue became further confused when counsel for Adams said, "I think Mr. Adams is incorrect thinking he has an ownership in any party of the body shop or wrecker service other than his marital interest . . . ."  *Id.* at p. 94:20-24 (statement of Richard Null).  Based on Adams's own statements and absent a more specific showing, the Court finds that Adams only owns Adams Wrecker Service.

used for the provision of wrecker services in Fulton County. At a July 12, 2012 meeting, the Fiscal Court voted to "stop doing business with Adams Brothers Body Shop and Wrecker Service until further notice." Meeting Minutes from July, 12, 2012 Meeting of Fulton County Fiscal Court, DN 22-4, p. 3. The Fiscal Court made its decision twenty-one days after Adams was suspended from the Sheriff's Office, and he contends that his discharge was the sole reason the Fiscal Court voted to discontinue its relationship with his business. According to Adams, the Fiscal Court's decision to stop doing business with Adams Wrecker Service was a violation of his federal right to due process.

The Defendants now move for summary judgment on all of Adams's claims.

## II.

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. J. C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of evidence in support of his position; the plaintiff must present evidence on which the trier of fact could reasonably find for the plaintiff. *See id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). The plaintiff may accomplish this by "citing to particular parts

---

Therefore, Adams lacks authority to sue on behalf of Adams Brothers Body Shop and any such claims are dismissed.

of materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute . . . ." Fed. R. Civ. P. 56(c)(1). Mere speculation will not suffice to defeat a motion for summary judgment; "the mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Moinette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996).

### III.

Before addressing the particulars of the Defendants' motion, it is necessary to clarify and identify the parties before the Court. Although Adams named the Sheriff's Office, the Fiscal Court, and Zickefoose as defendants, in reality, his causes of action lie only against Fulton County.

The Fiscal Court and the Sheriff's Office are a governing body and a department of Fulton County. A suit against a county's governing body or one of its departments is really a suit against the county itself. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). As such, neither the Fiscal Court nor the Sheriff's Office is individually susceptible to suit. Accordingly, the Court construes Adams's complaint against the Sheriff's Office and the Fiscal Court as a complaint against Fulton County. *See Smallwood v. Jefferson Cnty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990).

Similarly, the Court also construes the complaint against Zickefoose as a complaint against Fulton County. Adams's complaint is silent as to whether he is suing Zickefoose in his official or individual capacity. "Generally, plaintiffs must designate in which capacity they are suing defendants; if not, by operation of law, defendants are deemed sued in their official capacities." *Soper v. Hoben*, 195 F.3d 845, 853 (6th Cir. 1999) (citing *Hardin v. Straub*, 954

4

F.2d 1193, 1199 (6th Cir. 1992)). Because Adams's complaint is silent, the Court finds that Adams has sued Zickefoose in his official capacity. "Suing a public official in his official capacity for acts performed within the scope of his authority is equivalent to suing the governmental entity." *Id.* (citing *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)). By suing Zickefoose in his official capacity, Adams has sued Fulton County.

## IV.

Adams alleges that Fulton County, through the named Defendants, wrongfully discharged him in violation of his federal due process rights and Kentucky law. Upon review, the Court finds that the Defendants are entitled to summary judgment on the issues arising under federal law.

Adams's right to procedural due process arises under the Fourteenth Amendment of the U.S. Constitution. Resolution of Fourteenth Amendment procedural due process claims requires a two-prong analysis. First, a court must decide whether a constitutionally protected property interest exists. *Baker v. Morgan*, No. 6:07-CV-240-DCR, 2008 U.S. Dist. LEXIS 84000, at *15 (E.D. Ky. Oct. 20, 2008). Second, if a property interest exists, the court must then determine whether the pre-deprivation procedures were adequate to protect that interest. *Id.*

Adams's procedural due process claim fails because he cannot, as a matter of law, demonstrate that he had a protected property interest in his position as an auxiliary deputy sheriff. "Property interests protected by the Constitution stem from an independent source, such as state law, and are not created by the Constitution itself." *Sharp v. Lindsey*, 285 F.3d 479, 487 (6th Cir. 2002) (citing *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 537 (1985)). Although government employment can, in some instances, be a property interest protected by Fourteenth Amendment due process, "neither mere government employment nor an abstract need

5

or desire for continued employment will give rise to a property interest." *Bailey v. Floyd Cnty. Bd. of Educ.*, 106 F.3d 141 (6th Cir. 1997) (citations omitted).  Rather, in order to establish a protected property interest in his position as an auxiliary deputy sheriff, Adams "must be able to point to some statutory or contractual right conferred by the state which supports a legitimate claim to continued employment." *Id.*  Even assuming for the purposes of analysis that Adams's role as an auxiliary deputy could be considered "employment," he cannot point to any state law or contractual right that would vest him with a legitimate expectation in continued employment.

In Kentucky, county sheriffs are elected, constitutional officers.  *See* Ky. Const. § 99. Unless the individual counties establish a deputy sheriff merit board, "[t]he sheriff may appoint his or her own deputies and may revoke the appointment at his or her pleasure . . . ."  KRS § 70.030(1); *see McClure v. Augustus*, 85 S.W.3d 584, 586 (Ky. 2002) (discussing sheriffs' statutory and common-law authority to appoint deputies, "which includes the authority to remove deputies at will").  Accordingly, deputy sheriffs may be appointed and removed by the sheriff at will.  *See Baker*, 2008 U.S. Dist. LEXIS 84000, at *14-17.

In the present case, Fulton County has not established a deputy sheriff merit board.  Aff. Sheriff Bobby Hopper, DN 22-2, ¶ 6.  Therefore, Zickefoose, acting under the authority delegated to him by Sheriff Bobby Hopper, had the authority to hire and fire deputies and auxiliary deputies, like Adams, in his discretion.  Adams has not pointed to any state law or contractual right sufficient to create a protected property interest in his position.  As an auxiliary deputy sheriff, Adams served at the pleasure of the sheriff and had no protected interest in continued involvement with the Sheriff's Office.  Therefore, Fulton County will be granted summary judgment because Adams had no protected property interest in his position as an auxiliary deputy sheriff.

V.

Next, Adams alleges that Fulton County also violated his due process rights when the Fiscal Court voted to stop doing business with Adams Wrecker Service. To determine whether Adams's due process rights were violated, the Court must again decide whether Adams had a protected property interest and, if so, whether the procedures in place were sufficient to protect that interest.

As a matter of law, Adams cannot show that his business relationship with Fulton County created a constitutionally protected property interest. The Fiscal Court's decision to do business with Adams was wholly discretionary, and "a party cannot possess a property interest in the receipt of a benefit when the state's decision to award or withhold the benefit is wholly discretionary." *Med. Corp., Inc. v. City of Lima*, 296 F.3d 404, 410 (6th Cir. 2002). In his deposition, Adams admitted Adams Wrecker Service did not have a contract with the Fiscal Court or the Sheriff's Office. Depo. Denny Adams, DN 26, p. 99:11-17. Furthermore, Adams testified that he was unaware of any statute or ordinance requiring the Defendants to use his wrecker service. *Id.* at p. 100:16-18. Finally, Adams admitted that nothing required the Fiscal Court or the Sheriff's Office to use the services provided by his business. *Id.* at p. 101:11-17. In all, the Fiscal Court's decision to use Adams Wrecker Service was discretionary, and nothing in the record demonstrates that Adams had a protected property interest arising out of this relationship.

The present case is similar to *Lucas v. Monroe County,* 203 F.3d 964 (6th Cir. 2000). In that case, a sheriff's department maintained a list of towing companies it used for towing services throughout the county. *Id.* at 967. After an extended dispute, Plaintiff Sottile was finally included on the list but was subsequently removed for publically criticizing the sheriff's

department.  *Id.* at 268-70.  The plaintiffs brought suit on numerous grounds, including a violation of their right to due process.  *Id.* at 978.  They alleged that their removal from the list "without notice and an opportunity to be heard violated their due process rights." *Id.*  The Sixth Circuit affirmed dismissal of the due process claim because the plaintiffs could not "point to [any] ordinance, contractor or other 'rules of mutually explicit understandings' that supported their claim of entitlement to remain on the stand-by list."  *Id.* (citing *Perry v. Sindermann*, 408 U.S. 593, 601 (1972)).  Without more than a unilateral expectation of continuing to receive a benefit, the "[p]laintiffs' due process claim was properly dismissed on grounds that they have not established the existence of a constitutionally protected property interest." *Id*.

Much like the plaintiffs in *Lucas*, Adams has failed to point to anything more than his unilateral expectation that Fulton County would use his business for wrecker services. Accordingly, he has not established the existence of a protected property interest, and the Defendants are entitled to summary judgment on his due process claim.

## VI.

Finally, Adams claims that suspension or discharge from his position as an auxiliary deputy sheriff violated Kentucky law, specifically KRS § 15.520, commonly referred to as the "Police Officer's Bill of Rights."  The Court declines to consider Adams's claims arising under state law, however.  The Defendants have been granted summary judgment on all federal claims asserted in this matter.  The only remaining theory of recovery is premised on Kentucky law. The Court declines to exercise pendent jurisdiction under 28 U.S.C. § 1367 to address the remaining state law claims.  *See* 28 U.S.C. § 1367(c)(3) ("[t]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection . . . if . . . the district court has dismissed all claims over which it has original jurisdiction"); *Taylor v. First of Am. Bank–*

*Wayne*, 973 F.2d 1284, 1287–88 (6th Cir. 1992) (holding that "if the federal claims are dismissed before trial . . . the state claims should be dismissed as well."); *Hankins v. The Gap, Inc.*, 84 F.3d 797, 802-03 (6th Cir. 1996).  The remaining state law claims will be dismissed without prejudice.

## CONCLUSION

The Defendants have moved for summary judgment on all claims alleged by Plaintiff Denny Adams.  The Defendants' motion is GRANTED on all claims arising under federal law.  The Plaintiff's claims arising under state law are DISMISSED WITHOUT PREJUDICE.  A separate order shall issue.